**John Wanda AUBREY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–81–00019CR.**

Court of Appeals of Texas, Dallas.

Oct. 21, 1981.

Ted Redington and James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., Karen Chilton Beverly, Asst. Dist. Atty., Dallas, for appellee.

Before ROBERTSON, STEPHENS and ALLEN, JJ.

ALLEN, Justice.

This is an appeal from a conviction of driving a motor vehicle upon a public street or highway while intoxicated. A jury assessed punishment at confinement in the county jail for 45 days and a $250 fine.

The appellant contends that the trial court coerced the jury into arriving at a verdict, that the trial judge erred by overruling the appellant's motion for a mistrial when the prosecutor argued facts outside the record in both the guilt or innocence stage and the punishment stage of the trial, and that the jail record introduced into evidence did not comply with the provisions of the Business Records Act. We disagree and thus affirm.

The record shows that on the evening of May 15, 1977, Mr. William Beavers barely avoided a head-on collision with a tractor-trailer truck driven by appellant. Subsequent inspection of the truck revealed a liquid spilled all over the cab and a dark whiskey bottle on the floor. Mr. Beavers testified that he smelled the odor of alcohol emanating from the cab. The police officers summoned observed that appellant was intoxicated and placed him under arrest.

In his first ground of error, the appellant contends that the trial judge improperly responded to a note sent out by the jury stating that they could not reach a verdict. The trial judge orally instructed the jury that they would have to continue deliberations "if it takes all of today and all of tomorrow or how long it takes." We observe that appellant made no objection to the court's instruction. Hence, nothing is preserved for review, *Edwards v. State*, 558 S.W.2d 452 (Tex.Cr.App.1977); *Arrevalo v. State*, 489 S.W.2d 569 (Tex.Cr.App.1973).

Appellant next asserts that the trial judge erred by overruling his motion for a mistrial on two separate occasions following improper argument by the prosecutor. The record reflects that during the guilt or innocence stage of the trial, the prosecutor argued as follows:

There's really no doubt in this case. This man was driving down the street with a whiskey bottle in his hand ..."

The court sustained an objection on the ground that this argument was outside the record, and instructed the jury to disregard the comment. Appellant's motion for a mistrial was overruled. Additionally, during the punishment stage of the trial, the prosecutor made the following argument:

Has he been rehabilitated? I submit to you that he has not, and I submit to you that you should give him some time to think about it because apparently this thing wasn't enough to make him realize what he was doing wrong. He came close this time to killing someone. Is he going to kill another before he comes back into court ...?

Again, the court sustained the objection and instructed the jury to disregard the comment, but overruled appellant's motion for a mistrial. We conclude that, under the circumstances of this case, no reversible error occurred with respect to these arguments.

Generally, an instruction to disregard is sufficient to cure an error in argument. *Chambers v. State*, 568 S.W.2d 313 (Tex.Cr.App.1978). A motion for mistrial should not be granted unless the remark is so inflammatory that its prejudicial effect cannot reasonably be removed by such an admonition. Whether the prosecutor's argument necessitates a reversal is to be determined on the basis of the probable effect on the minds of the jurors under the facts of each case. *Blansett v. State*, 556 S.W.2d 322 (Tex.Cr.App.1977); *Spaulding v. State*, 505 S.W.2d 919 (Tex.Cr.App.1974). We find that the arguments complained of were not so prejudicial that their harmful effect, if any, could not be removed by the court's instruction to disregard. The motions for mistrial were properly overruled.

In his final ground of error appellant contends that the trial court erred in admitting into evidence a jail record of the Dallas County Sheriff's Department because the record did not meet the requirements of the Business Records Act, Tex. Rev.Civ.Stat.Ann. art. 3737e (Vernon Supp. 1980). At the punishment stage of the trial, the State sought to prove that the appellant was previously convicted of driving while intoxicated, in Cause No. 69–2170. James Robert Holley, a Dallas County Deputy Sheriff, identified certain fingerprints appearing in appellant's jail records that were admitted as business records. Appellant objected that a proper predicate had not been laid and that the matter was hearsay and unreliable as evidence. The trial court also admitted certified copies of the information, criminal docket, and orders granting and dismissing probation in the above mentioned case over appellant's objection.

Appellant contends that the testimony of Deputy Holley shows that the person mak-

ing the entry on the jail record did not necessarily have personal knowledge of the facts that were being entered. The Deputy testified that jail cards are compiled from information obtained from personal interviews with the inmate during the book-in procedure at the county jail. He stated that the subject is asked pertinent information such as name, address and date of birth. This information is logged on the jail card at that time, along with the date of arrest, time of book-in, physical description of the inmate, the arresting officer and agency and the case number, if available. Finally, the subject's fingerprint is placed on the jail card. During voir dire by defense counsel, Deputy Holley admitted that he did not fill out this particular jail card. He further admitted that he did not know whether the information written on the jail card was made with the personal knowledge of the entrant, or whether he was told it by somebody else.

The Business Records Act is a mechanism to facilitate the introduction into evidence of records regularly kept and relied upon in the ordinary course of business. The proponent of a business record must prove that (1) it was made in the regular course of business, (2) it was the regular course of that business for an employee or representative of such business with personal knowledge of such act, event or condition to make such memorandum or record or to transmit information thereof to be included in such memorandum or record, and (3) it was made at or near the time of the act, event or condition or reasonably soon thereafter. Tex.Rev.Civ.Stat.Ann. art. 3737e(1) (Vernon Supp.1980); *Gassett v. State*, 532 S.W.2d 328 (Tex.Cr.App.1976). Section 2 of the Act goes on to provide that the identity and mode of preparation of the memorandum or record may be proved by the testimony of any qualified witness even though he may not have personal knowledge of the contents of the memorandum or record.

In this case, Deputy Holley testified that he was the custodian of the jail cards for all persons who have been inmates in the Dallas County Jail, and that the records were kept in the ordinary course of business. He

also made it clear that although he did not have personal knowledge of the entries on the jail card, the personnel who made the entries did have personal knowledge of the facts contained therein at the time the entries were made. Holley testified to the procedures employed by the Sheriff's Department, and that the jail cards were compiled as part of personal interview with the inmates. To require that the witness have first-hand knowledge of whether the entrant had personal knowledge of the facts contained in the record would frustrate the policy underlying the Business Records Act. Accordingly, we hold that the proper predicate was laid whereby the State could introduce the jail card into evidence. *Simmons v. State*, 564 S.W.2d 769 (Tex.Cr.App.1978); *Jones v. State*, 500 S.W.2d 661 (Tex.Cr.App. 1973).

The judgment is affirmed.