**Raymond Clay BOYD, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 12–81–0104–CR.**

Court of Appeals of Texas, Tyler.

Nov. 12, 1982.

Mandate Issued Jan. 18, 1983.

Ken McLean, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

McKAY, Justice.

Appellant Raymond Clay Boyd was convicted by a jury of theft over $200 and less than $10,000. The jury assessed punishment at confinement for eight years, probated. The sufficiency of the evidence is not challenged.

Appellant's sole ground of error is that the trial court coerced the jury into re-

turning a verdict at the punishment phase of the trial by giving an "Allen charge" or "dynamite charge."

The record reflects that the jury deliberated on the issue of punishment from 6:10 p.m. to 7:35 p.m. on August 24, 1978, at which time they were allowed to separate for the night. The jury returned and resumed its deliberations at 9:00 a.m. the following morning, recessed for lunch from 12:00 p.m. until 1:25 p.m., and at 2:16 p.m. returned their verdict on punishment.

At some point on August 25, the second day of deliberations on punishment, the jury sent the following written message to the trial judge:

"Must the verdict of the jury as to punishment be unanimous?"

The written reply of the court was:

"Your answer on all issues must be unanimous."

The record does not reflect the exact times of these occurrences, but apparently a short time after this exchange, the trial judge called the jury into the courtroom. After ascertaining that the jury had stood eleven to one for the past hour, the judge read the following written instruction to the jury in open court:

Members of the jury: The law contemplates that a jury will reach a verdict. It is your duty to agree *if you can do so without violating conscientiously held convictions that are based on the evidence.* No juror, from mere pride of opinion hastily formed or expressed, should refuse to agree. *Yet, no juror, simply for the purpose of terminating the case, should acquiesce in a conclusion that is contrary to his own conscientiously held view of the evidence.* You should listen to each other's views, talk over your differences of opinion in a spirit of fairness and candor *and, if possible,* resolve your differences and come to a common conclusion, so that a verdict may be reached and this case may be disposed of.

This is an important case. If you should fail to reach a decision, the case is left open and undecided. Like all cases it must be disposed of at some time. Another trial would be a heavy burden on both sides.

There is no reason to believe that the case can be tried again any better or more exhaustively than it has been. There is no reason to believe that more evidence or clearer evidence would be produced on behalf of either side.

Also, there is no reason to believe that the case would ever be submitted to twelve people more intelligent or more impartial or more reasonable than you. Any future jury must be selected in the same manner that you were.

You are not partisans. You are judges—judges of the facts. Your sole interest is to ascertain the truth from the evidence in the case.

You may now retire and continue your deliberations in such a manner as may be determined by your good judgment as reasonable people ...

Does either the State or the defendant wish to be heard at this time on any matter connected with this lawsuit?
[COUNSEL FOR THE STATE]: Not at this time, Your Honor.
[COUNSEL FOR DEFENDANT]: Not at this time, Judge. [Emphasis added.]

The record contains no request for a mistrial, and appellant's motion for new trial makes no reference to this instruction. Neither side polled the jury after it returned its verdict on punishment. Appellant admits that he failed to object to this instruction. Hence, nothing is preserved for review. *Aubrey v. State,* 624 S.W.2d 291, 293 (Tex.App.—Dallas 1981, no pet.); *Calicult v. State,* 503 S.W.2d 574, 576 (Tex. Cr.App.1974); *Arrevalo v. State,* 489 S.W.2d 569, 570–1 (Tex.Cr.App.1973).

Appellant asserts that the action of the trial court in giving such an instruction constitutes "fundamental error," "plain error," and "irremediate error of commission by the trial court judge" which warrants review and reversal despite the lack of objection. Appellant cites no Texas authority for this proposition, relying instead upon a decision of the California Supreme Court

holding that an Allen-type instruction "should never again be read in a California courtroom." *People v. Gainer,* 19 Cal.3d 835, 139 Cal.Rptr. 861, 566 P.2d 997, 97 A.L.R.3rd 73 (1977). Whatever the state of the law may be in California, Raymond Clay Boyd was tried and convicted in a Texas court, and his appeal is governed by decisions of Texas courts, which have upheld instructions such as this absent timely objection. See, e.g., *Love v. State,* 627 S.W.2d 457, 459 (Tex.App.—Houston [1st Dist.] 1981, no pet.); *Aubrey v. State, supra* at 293; *Stanton v. State,* 535 S.W.2d 182–183 (Tex.Cr.App.1976); *Calicult v. State, supra* at 575–576; *Arrevalo v. State, supra* at 571–572. Indeed, in *Arrevalo* the appellant did file written objections before the instruction was given to the jury, but this instruction, containing language substantially similar to the instruction here challenged, was found by the court to be neither coercive nor a comment on the weight of the evidence.

■ We find no merit in appellant's contention that this instruction singled out a lone dissenting juror. The court's instructions were addressed to the jury as a whole and did not reflect on the jurors' individual abilities. In fact, the court was careful to instruct the jury not to violate "conscientiously held convictions that are based on the evidence" and to continue deliberations "in such a manner as may be determined by your good conscience as reasonable people."

■ We likewise find no merit in appellant's contention that the instruction coerced the jury into reaching a verdict. In our opinion this instruction, read as a whole, is not so coercive in nature to require reversal absent a showing of coercion in fact or absent a showing of jury misconduct in fact. *Calicult v. State, supra* at 576, n. 2, 3. Appellant's failure to object to the instruction waived all but fundamental error, and we find no fundamental error presented here.

The judgment is affirmed.