**Larry RALLS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–81–0184–CR.**

Court of Appeals of Texas, Tyler.

Feb. 24, 1983.

---

Clifton L. Holmes, Kilgore, for appellant.

Dwight Brannon, Dist. Atty., Gilmer, Harry R. Heard, Sp. Prosecutor, Longview, for appellee.

McKAY, Justice.

Appellant was convicted of voluntary manslaughter and his punishment was assessed at seven years confinement.

The record discloses that appellant and Debra Irons had lived together for some time prior to her death. On the day of her death deceased's ex-husband, Michael Irons, and their daughter were present in the house with her—the house deceased and appellant had occupied together. Appellant had been in a car with his father and one Roy Cook immediately before the shooting, but appellant got out of the car and walked to the house where Debra was, approached the back door with a .22 caliber rifle in hand, and then fired several shots into the closed door. One of the bullets struck Debra Irons in the back of the head causing her death.

After the shooting appellant's father and Cook struggled with appellant and took the gun away from him, and they then left the scene. Appellant claimed he was unaware anyone was shot as a result of his shooting through the door until he was arrested.

In his first ground of error appellant contends the trial court erred in overruling his motion for mistrial after the State's witness, Michael Irons, testified to statements of deceased made out of appellant's presence.

The record shows the following:

Q. What, if anything else, did you observe at anytime prior to the murder about the relationship between the defendant and Debra?

. . . .

A. . . . Debra drove up in a Comet car that she owned, that time with Hershell Saxton. She got out of the car and had bruises and contusions on her face and expressed to me that Larry had done it.

Appellant objected that the answer was hearsay, and the court sustained the objection. Appellant then moved that the jury be instructed to disregard his statement, and the trial court then instructed the jury to disregard the last statement for any purpose. Appellant then moved for a mistrial which was overruled.

Generally, any error in asking an improper question or admitting improper testimony in a criminal case may be cured and rendered harmless by an instruction by the trial court to disregard. *Womble v. State,* 618 S.W.2d 59, 61 (Tex.Cr.App.1981); *Carter v. State,* 614 S.W.2d 821, 824–5 (Tex.Cr. App.1981). We hold that the trial court's instruction to disregard the answer complained of cured any error. Appellant's first ground of error is overruled.

By his second ground of error appellant maintains the trial court erred in allowing the witness Hershell (or Hershel) Saxton to testify over objection that appellant had not been notified of the existence of said witness in accord with appellant's pretrial motion and the State's agreement thereto. Appellant argues that the State's attorney entered into an agreement with his counsel to supply the names of the witnesses for the State; that such a list was supplied but did not contain Saxton's name; that Saxton was not subpoenaed until some days after voir dire examination of the jury (and then, only fifteen minutes before he was called); and that Saxton gave damaging and prejudicial testimony regarding relationships between the deceased and appel-

lant. Appellant says he was given no opportunity to investigate what this testimony would be or the validity thereof.

Appellant cites *Simmons v. State,* 504 S.W.2d 465 (Tex.Cr.App.1974), and *Hill v. State,* 504 S.W.2d 484 (Tex.Cr.App.1974), neither of which support his contention. Since the testimony of Saxton pertained to the relationship between appellant and the deceased, appellant was available to counter such testimony if it was incorrect. There is no showing when the State learned that Saxton could or should be a witness, and the fact that he was subpoenaed only fifteen minutes before he was to appear would indicate that the State had not known of him earlier. We have found no authority which supports appellant's contention here; his second ground of error is overruled.

The complaint in ground three is that there was error in allowing the State to impeach its own witness, John Reuben Cook, over appellant's objection.

Earlier the State inquired of Cook whether he "got in some trouble with the law" while he was on strike at a pottery, and Cook answered "Yes, sir. I was accused of it." At that point appellant's counsel objected that "He's impeaching his own witness," and the objection was overruled with the statement that he would allow the State to proceed "with your assurance that it's not to impeach the witness."

Shortly thereafter State's counsel asked for time to read a written statement Cook had previously made, and then out of the presence of the jury the State's counsel stated to the court that he was "surprised by one statement he made," and went on to explain that in his statement Cook referred to a certain residence on Cypress Street as "Debra's" and as a witness he started calling the residence "Larry's." The trial judge then stated "[a]t this time I will allow you (the State) to proceed with your cross-examination. At the conclusion of the examination of this witness, if the State wishes to take this witness on voir dire out of the presence of the jury, I will allow him to at that time." The record discloses that Larry and Debbie had been living together.

State's counsel then began further examination of Cook again before the jury by asking him about his written statement, and whether he had read it. State's counsel then began a question, "Now, isn't it true. . . ." when appellant's counsel objected that the State was impeaching its own witness. At the court's request the question was withdrawn.

After appellant's cross-examination of Cook, a discussion was held at bench out of the hearing of the jury, and State's counsel said he was further surprised because Cook had previously said Larry Ralls started the fight between him and his father and he now says the father, Waymond Ralls, started the fight. The court then retired the jury and permitted the State to examine the witness on its claim of surprise, and after hearing the further questioning of Cook, the trial court denied the State's motion to impeach Cook with the statement, "if the court finds any inconsistency, it's only slight." The trial judge then said, ". . . Three points you have brought up. Two I believe are consistent. Possibly the third is the one of the altercation in the yard. If there is any variance there, I'll allow you to proceed with that evaluation." Appellant objected again to permitting State to impeach its own witness.

Then before the jury the State's counsel propounded the following questions to Cook, a witness called by the State:

Q. . . . Now, didn't you say in your statement, Mr. Cook, that Larry just kept kicking at the door; so Waymond got out of the car and ran over to him, and Larry turned around to hit him with the gun?

A. Yes, Sir.

Q. And didn't you say it in your statement?

A. That's in my statement.

At that point appellant made the following objection:

My objection with regard, Your Honor, to cross-examination, the impeachment of this witness. In order to protect the rec-

ord I have to renew it, and I am renewing it.

The trial court overruled the objection

Q. So there were at least three inconsistencies in your statements today and the statements you gave before.

A. Yes, Sir.

■ It is well established that a party may not impeach his own witness unless (1) the witness has testified to facts injurious to that party's case, and (2) the party must demonstrate that he was surprised by such testimony. *Dove v. State,* 623 S.W.2d 346, 348 (Tex.Cr.App.1981); *Lewis v. State,* 593 S.W.2d 704, 706 (Tex.Cr.App.1980); *Brown v. State,* 523 S.W.2d 238, 241–2 (Tex.Cr.App.1975).

■ It is our view that the record does not disclose sufficient reasons for the State to be permitted to impeach its own witness. The testimony of the witness Cook was not sufficiently injurious (if it was at all) to damage the State's case, and the inconsistencies were so insignificant that it could hardly be said they were surprising. We hold that the trial court erred in permitting the State to impeach its own witness, but that such error was not reversible error in that appellant suffered no harm. If it could be said that the State did lay the proper predicate, Cook admitted three inconsistencies in his testimony, and, therefore, impeached himself. *Brown v. State, supra.* Ground three is overruled.

■ In ground four appellant complains that the trial court erred in overruling his motion for mistrial after State's counsel in jury argument referred to evidence excluded from the jury by prior ruling of the court. The record reveals that the State asked the witness Saxton if he observed "any other substances that had been dumped or poured or whatever on or about the furniture or fixtures?" Appellant's objection that it was a leading question was overruled, and then the question was asked, "What else did you observe in the house about this damage?" The witness then answered, "Well, I don't know if this would be the same thing, but I've seen him where he'd urinated on the bed and the couch," and that he had personally observed that.

Upon appellant's objection to the last answer that there was no predicate, no time stated when it happened, nor under what circumstances, the trial court stated "... the objection will be sustained as to the last response of this witness. The jury will be instructed not to consider it for any purpose." The last response of the witness was "Yes, Sir. I seen it," in response to the question, "Did you personally observe that?" It appears that the immediate previous answer remained before the jury.

State's counsel stated in argument to the jury that Saxton "observed ... defendant urinate on furniture apparently to ...." Appellant's objection that such argument was outside the record was sustained and the jury was instructed not to consider it.

As a general rule an instruction to disregard is sufficient to cure an error in argument, and a motion for mistrial should not be granted unless the argument is so inflammatory that its prejudicial effect cannot reasonably be removed by such instruction. *Garza v. State,* 622 S.W.2d 85, 93 (Tex.Cr.App.1981); *Aubrey v. State,* 624 S.W.2d 291, 293 (Tex.App.—Dallas 1981, no P.D.R.). We find the argument complained of was not so prejudicial that it could not be cured by the court's instruction to disregard. The motion for mistrial was properly overruled.

Appellant next contends in ground five that there was error in overruling his objection to questions by the State during the punishment phase which inquired "Have you heard .... Larry Ralls has resorted to violence with his mother, with his father, with his ex-wife and with Debra Irons?" Appellant cites *Sisson v. State,* 561 S.W.2d 197, 199 (Tex.Cr.App.1978) to support his position. However, there the question beginning with "have you heard" asked whether the witness had heard the defendant and others *did in fact* smoke marihuana together, and the court held it was error to assert a fact in such a question. That case is not in point with the facts here.

Appellant also cites *Moffett v. State,* 555 S.W.2d 437 (Tex.Cr.App.1977) which holds that there is no per se reversible error in asking a "have you heard" question of a character witness, and that the asking of the question "Have you heard that on September 18th of 1973, that he robbed a woman by the name of Francis Tindall, at the Globe Cleaners at 2430 North Haskell Avenue with a firearm" was not error.

■ The State may, upon cross-examination, inquire of a character witness who has testified to the good reputation of the accused as being a peaceable and law-abiding citizen as to whether he had heard of specific acts of misconduct by the accused. *Villarriel v. State,* 163 Tex.Cr.R. 654, 295 S.W.2d 222, 223 (Tex.Cr.App.1956). We overrule ground five.

■ Ground of error six complains that the State's witnesses gave unresponsive prejudicial answers to questions by the State. Appellant then refers to several different instances where witnesses gave testimony that he claimed was unresponsive and prejudicial. When a defendant assigns a single ground of error to multiple portions of testimony or argument, or to multiple acts, the requirements of Article 40.09, Tex. Code Crim.Pro., are not satisfied and nothing is presented for review. *Choice v. State,* 628 S.W.2d 475, 478 (Tex.Cr.App. 1982) and cases there cited. Ground six is overruled.

Appellant's ground seven suffers from the same defect as ground six in that it complains of the cumulative effect of the trial court's errors, and it is overruled.

Ground 8 and 9 are stated together and briefed together. They are multifarious and are overruled.

Judgment of the trial court is affirmed.