Jim WILSON, Appellant,

v.

STATE of Texas, Appellee.

No. B14–83–116CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 19, 1984.

Discretionary Review Refused
June 13, 1984.

Jimmy James, Leonard Roth, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This appeal is from a judgment of conviction of the offense of murder. After a jury trial, the jury assessed punishment at fifty years. Appellant, Jim Wilson, brings two points of error. Point of error one asserts that appellant was denied the effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution. In point of error two, appellant claims that he was denied due process, a fair trial and effective assistance of counsel because the State was allowed to ask inflammatory and prejudicial improper "Have you heard ...?" questions. We disagree and affirm.

On November 19, 1981, appellant, his girlfriend (Linda Strange), the deceased (James Bolden), his girlfriend (Sylvia Johnson) and several others were in the Almeda Lounge. Sylvia Johnson tried to give the deceased ten dollars, but he brushed it away, and it fell to the floor. Witnesses testified that appellant, who was seated a few feet away, picked up the money. The deceased confronted appellant, but appellant denied taking the money, and an argument ensued. The two men went outside and appellant shot the deceased. Witnesses testified that he stood above the deceased, said "Die motherfucker, die ...". and shot him again. The coroner testified that Bolden died from loss of blood from a wound to the abdomen, which was consistent with someone standing over a body and shooting downward.

The trial court charged the jury on both self-defense and voluntary manslaughter. The jury found appellant guilty of murder and sentenced him to fifty years.

In point of error one, appellant claims that he was denied effective assistance of counsel in his representation by Mr. Heath. In order to support this contention, he supplies a laundry list of things his attorney did or did not do, such as: filing no motions, making few objections and allowing the State to ask inflammatory and prejudicial "Have you heard ....?" questions. In gauging the sufficiency of an attorney's representation, the Court must look at the totality of that representation, *Ewing v. State*, 549 S.W.2d 392 (Tex.Crim. App.1977), and find not errorless counsel but "reasonably effective" counsel. *Williams v. State*, 549 S.W.2d 183 (Tex.Crim. App.1977). In the case at bar, the totality of appellant's representation was not a denial of effective assistance of counsel. The defense theory was self-defense. Appellant's attorney developed this theory, and the judge submitted it to the jury, but the jury rejected it. The record shows that the attorney was familiar with the facts of the case and the interrelations of those involved. He was able to keep the autopsy report on the deceased out of evidence, and effectively cross-examined witnesses. We overrule point of error one.

Appellant's point of error two complains about the following line of questioning:

"Q (By Mr. Knight, the prosecutor) Mr. Nichols, have you heard that this defendant, Jim Wilson, was convicted of the offense of burglary up in Montgomery County and assessed a term of ten years' (sic) probation for the offense of burglary?

"MR. HEATH: May I approach the bench?

"THE COURT: Yes, sir.

"(At this time all counsel at bench out of the hearing of the Court Reporter and jury.)

"Q (By Mr. Knight) Mr. Nichols, have you heard the defendant, Jim Wilson,

was convicted up in Montgomery County—

"MR. HEATH: That is an improper question.

"THE COURT: Sustain the objection.

"Q (By Mr. Knight) Have you heard, Mr. Nichols that this defendant was placed on probation up in Montgomery County?

"MR. HEATH: Again that is improper and I object to the form of the question and ask that the jury be instructed not to consider it or consider the Prosecutor's question for any purpose whatsoever.

"THE COURT: Sustain the objection as to the form of the question.

"MR. KNIGHT: Thank you, Your Honor.

"MR. HEATH: And further I move for a mistrial, Your Honor.

"THE COURT: That will be overruled.

"The jury will disregard the last question by the Prosecutor.

"Q (By Mr. Knight) Mr. Nichols, have you heard that this defendant, Mr. Jim Wilson, was convicted here in Harris County, Texas, back in 1981 for the offense of theft?

"A No, sir.

"Q Well, have you heard that since the commission of this offense over on Dowling Street approximately a month ago or within the last six months, Jim Wilson struck and beat a man who was confined to a wheelchair over on Dowling Street; have you heard that?

"A No, sir I have not.

"Q Well, have you heard, Mr. Nichols, that back on January the 22nd of 1969, Mr. Wilson here was arrested in Harris County, Texas on suspicion of committing a robbery, have you heard that?

"A No, sir.

"Q Have you heard that on October the 10th or, pardon me, October the 18th of 1967 at Livingston, Texas, this defendant was arrested for the offense of theft?

"A No, sir, I didn't.

This questioning occurred on cross-examination subsequent to appellant's direct-examination, in which he asked this witness about appellant's reputation for being a peaceful and law abiding citizen. The witness had responded, "His reputation like I say is hearsay, that he is the type of person that you talk to and if you reason with him, you can." In contrast, when asked about the reputation of the deceased for being a peaceful and law abiding citizen, the witness responded, "Well, he's the type of person that you just don't play with."

 Appellant successfully objected to some of these questions and made no objection to others. Because he made no objection at trial, nothing is preserved for review. The contemporaneous objection rule in Texas applies even to constitutional error. *Parker v. State*, 649 S.W.2d 46 (Tex. Crim.App.1983). Furthermore, even if appellant had objected to these questions, there would be no error because the questions were proper.

Appellant put his character in issue by testimony as to his reputation as a peaceful and law abiding citizen. The State was free to ask whether this reputation witness had heard specific acts of misconduct by appellant. *Ralls v. State*, 649 S.W.2d 682 (Tex.App.—Tyler 1983, no pet.). Appellant was not denied due process, a fair trial or effective assistance of counsel. We overrule point of error two.

Accordingly, we affirm the judgment of the trial court.