NO. 12-08-00091-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


JEREMY SHANE COX,
§
 APPEAL FROM THE 7TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

MEMORANDUM OPINION


 Jeremy Shane Cox appeals his conviction for the offense of aggravated robbery. In three
issues, Appellant asserts that the trial court reversibly erred by failing to grant his motion to dismiss
based on a Brady violation, issuing a third Allen charge to the jury during a deadlock in
deliberations, and denying his motion for new trial based on alleged jury misconduct. We affirm.

 

Background

 On March 17, 2007, Appellant shot and robbed Bryan Banks. As a result, Appellant was
charged by indictment with the offense of aggravated robbery. Following a trial, the jury found
Appellant guilty and the trial court assessed Appellant's punishment at forty-five years of
imprisonment and a $5,000 fine. Appellant moved for a new trial, which was denied by the trial
court. This appeal followed.


Brady Violation

 In his first issue, Appellant asserts that the trial court reversibly erred by failing to grant his
Brady motion to dismiss. (1) See Brady v. Maryland, 373 U.S. 83, 87, 83 S. Ct. 1194, 1196-97, 10 L.
Ed. 2d 215 (1963). According to Appellant, during trial, he learned for the first time that an
investigating police detective had omitted information from his police report that had not been
shared with Appellant. Appellant asserts that the required remedy was for the trial court to have
granted a mistrial.

 The State has an affirmative duty under Brady v. Maryland to disclose evidence favorable
and material to a defendant's guilt or punishment. Thomas v. State, 841 S.W.2d 399, 407 (Tex.
Crim. App. 1992); see also Brady, 373 U.S. at 87, 83 S. Ct. at 1196-97. When previously withheld
evidence is disclosed during the guilt phase of trial, a defendant has an opportunity to request a
continuance. See Young v. State, 183 S.W.3d 699, 705-06 (Tex. App.-Tyler 2005, pet. ref'd). The
failure to request a continuance generally waives any Brady violation, as well as any violation of a
discovery order. Young, 183 S.W.3d at 706; see Gutierrez v. State, 85 S.W.3d 446, 452 (Tex.
App.-Austin 2002, pet. ref'd). This is true even where an appellant has moved for a mistrial or
dismissal. See Gutierrez, 85 S.W.3d at 452.

 After Appellant made his Brady motion during trial, the trial court afforded Appellant's
counsel an opportunity to speak with the detective in question before the trial resumed. The trial
court then asked Appellant's counsel if she sought any relief on her motion. Appellant's counsel
replied, "No, Your Honor. I think just the fact that I had time to speak with the witness is relief
enough. . . . So anything short of a dismissal, I would not - -." (2) Therefore, even if Appellant sought
other relief beyond the trial court's initial allowance of time to speak with the detective, he did not
seek a continuance. Appellant has waived any alleged Brady violation that he raises on appeal. See
Young, 183 S.W.3d at 705-06; see also Gutierrez, 85 S.W.3d at 452. Appellant's first issue is
overruled.


Allen Charge

 In his third issue, Appellant argues that the trial court erred in giving a third Allen charge to
the jury. See Allen v. United States, 164 U.S. 492, 501-02, 17 S. Ct. 154, 157, 41 L. Ed. 528 (1896). 
Appellant failed to complain to the trial court regarding its decision to give a third Allen charge to
the jury. Absent a timely request, objection, or motion to the trial court regarding its decision to give
an Allen charge, no complaint about that decision is preserved for appellate review. See Bledsoe v.
State, 21 S.W.3d 615, 622 (Tex. App.-Tyler 2000, no pet.); Boyd v. State, 644 S.W.2d 857, 858-59
(Tex. App.-Tyler 1982, no pet.); see also Tex. R. App. P. 33.1 (setting forth the general rule for error
preservation); Barnett v. State, 189 S.W.3d 272, 278 (Tex. Crim. App. 2006) (analyzing Allen
charge error as error that must be preserved under Texas Rule of Appellate Procedure 33.1);
Freeman v. State, 115 S.W.3d 183, 186 n.2 (Tex. App.-Texarkana 2003, pet. ref'd) ("Failure to
object or otherwise draw the court's attention to the alleged coercive nature of the particular Allen
charge given waived any error."). Therefore, Appellant has failed to preserve this issue for appellate
review. We overrule Appellant's third issue.


Jury Misconduct

 In his second issue, Appellant complains that the trial court reversibly erred by denying his
motion for new trial. (3) In this motion, Appellant alleged that members of the jury had engaged in
misconduct warranting a new trial.

Standard of Review

 An appellate court reviews a trial court's denial of a motion for new trial under an abuse of
discretion standard. Holden v. State, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006). An appellate
court should not substitute its judgment for that of the trial court; rather, it should decide whether
the trial court's decision was arbitrary or unreasonable. See id. A trial court abuses its discretion
in denying a motion for new trial only when no reasonable view of the record could support the trial
court's ruling. Id.


Discussion

 Appellant asserts in his brief that the trial court should have granted his motion for new trial
based on evidence that


 1. the trial court's three Allen charges had a coercive effect upon the
jury;

 2. a juror slept through deliberations;

 3. a juror read a newspaper article, read it a second time to other jurors,
and then discussed it while in the jury room;

 4. jurors reached a decision "based on personal feelings"; and

 5. a juror "as[ked] to be told how to vote."



Appellant's motion for new trial was supported by two affidavits, one from Juror Kathy Shelton and
the other from Juror Nancy Bass. Juror Shelton, who was also the jury foreperson, stated in her
affidavit that some of the jurors based their verdict "on their personal feelings instead of the facts;
particularly [a] juror who had been shot and her sister had been killed." (4) She stated that "four jurors,
including [Shelton,] held out all day for a not guilty verdict" but "felt pressured by the judge to come
to a verdict and that is when we changed our vote." She stated that, during a break in deliberations,
"Juror Atkinson was reading a newspaper article about the case out loud to the other jurors." (5) 
Finally, she stated that one juror slept through deliberations and that another "asked to be told how
to vote so she could get out of deliberations." The second affiant, Juror Bass, stated as follows:


 Myself and three other jurors, including the jury foreman, Kathy Shelton, were voting not
guilty. Juror Jay Brian Atkinson cam[e] to the jury room during the deliberations and stated he had
read an article about the incident in the newspaper. He all but read the article in the deliberation room. 
He told the other jurors what the victim had said. I also felt pressure to vote guilty because the judge
told us we weren't going home until we reached a verdict. . . . At polling of the jury I wanted to change
my vote [but did not].


 Rule 606 of the Texas Rules of Evidence limits the situations about which a juror may testify
or make a statement to be introduced into evidence. See Tex. R. Evid. 606. A juror's testimony,
affidavit, or statement describing jury misconduct may not be considered as evidence by the trial
court when ruling on a motion for new trial unless it falls outside of the prohibitions of rule 606. See
White v. State, 225 S.W.3d 571, 572-75 (Tex. Crim. App. 2007); see also Tex. R. Evid. 606(b). 
Rule 606 provides that


 [u]pon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter
or statement occurring during the jury's deliberations, or to the effect of anything on any juror's mind
or emotions or mental processes, as influencing any juror's assent to or dissent from the verdict or
indictment. Nor may a juror's affidavit or any statement by a juror concerning any matter about which
the juror would be precluded from testifying be admitted in evidence for any of these purposes.
However, a juror may testify: (1) whether any outside influence was improperly brought to bear upon
any juror; or (2) to rebut a claim that the juror was not qualified to serve.



Tex. R. Evid. 606(b).

 As applied to this case, rule 606 would prevent the trial court from considering the juror
affidavits as evidence of "any matter or statement occurring during the jury's deliberations, or to the
effect of anything on any juror's mind or emotions or mental processes, as influencing" any juror's
vote, unless offered to show "(1) whether any outside influence was improperly brought to bear upon
any juror; or (2) to rebut a claim that the juror was not qualified to serve." See id.; see also White,
225 S.W.3d at 573. The affidavits are not contradictory. Accordingly, we will read the affidavits
together and assume them to be true. In that context, we will determine whether rule 606 prohibited
the trial court from considering them.

 Allen Charges

 The trial court issued three Allen charges to the jury during three deadlocks in their
deliberations. These periods of deadlock each resulted in a note from the jurors to the trial court
indicating such a deadlock. After receiving each note, the trial court responded with an Allen
charge. Appellant asserts that the trial court's multiple Allen charges amounted to an outside,
coercive influence upon the jury, the effect of which is evidenced by the two juror affidavits. (6)


 We have previously held that, in the context of rule 606, "deliberations" include formal jury
deliberations: "when the jury weighs the evidence to arrive at a verdict." Knight v. E. Tex. Med.
Ctr., No. 12-05-00250-CV, 2007 WL 431164, at *2 (Tex. App.-Tyler Feb. 9, 2007, no pet.) (mem.
op.) (citing Golden Eagle Archery, Inc. v. Jackson, 24 S.W.3d 362, 371 (Tex. 2000)). In so
holding, we noted that "deliberations" do not include informal discussions occurring during a trial
break before the close of evidence. Knight, 2007 WL 431164, at *2; see Golden Eagle Archery,
24 S.W.3d at 371-72. However, we explained that where there is an indication that jurors have been
discussing the case while on breaks during deliberations, such a situation is considered the same as
formal deliberations. Knight, 2007 WL 431164, at *2 (citing Chavarria v. Valley Transit Co., Inc.,
75 S.W.3d 107, 111 (Tex. App.-San Antonio 2002, no pet.)). 

 In light of our previous reasoning, we hold that, as when jurors discuss the case while on
breaks during deliberations, a trial court's giving of an Allen charge to the jury falls within rule 606
deliberations. See Franks v. State, 90 S.W.3d 771, 801-02 (Tex. App.-Fort Worth 2002, no pet.)
(reaching a similar conclusion); see also Golden v. First City Nat'l Bank in Grand Prairie, 751
S.W.2d 639, 644 (Tex. App.-Dallas 1988, no writ) (implicitly reaching a similar conclusion). 
Further, rule 606 prohibits a trial court from considering a juror's affidavit as evidence of "the effect
of anything on any juror's mind or emotions or mental processes, as influencing" any juror's vote. 
See Tex. R. Evid. 606(b); see also White, 225 S.W.3d at 573. Therefore, unless these affidavits fell
within an exception to rule 606, they could not be considered by the trial court as evidence that the
Allen charges influenced any juror's vote. See Golden, 751 S.W.2d at 643-44 (reaching a similar
conclusion).

 Appellant asserts in his brief that the trial court should have considered the affidavits
because, "[u]nder the totality of the circumstances, the [trial court's] multiple [Allen] charges
amounted to an outside, undue influence." See Tex. R. Evid. 606(b). However, a trial court's Allen
charge cannot, as a matter of law, be an outside influence. See Golden, 751 S.W.2d at 644; see also
Franks, 90 S.W.3d at 802. As the Dallas court of appeals has explained, the giving of an Allen
charge can be trial court error, but it cannot be an outside influence upon the jury. See Golden, 751
S.W.2d at 644; see also Franks, 90 S.W.3d at 802. Instead, such a charge is part of the jury's
deliberative process. See Franks, 90 S.W.3d at 802; see also Golden, 751 S.W.2d at 644. Therefore,
the affidavits, as they related to the Allen charges, did not fall within the "outside influence"
exception to rule 606. See Franks, 90 S.W.3d at 802; Golden, 751 S.W.2d at 644. 

 Appellant does not contend that the language of the Allen charges given by the trial court was 
improper. At no point did the trial court instruct the jury to disregard its instructions given to them
in its initial jury charge. As part of each Allen charge, the trial court instructed the jury that 


 [i]f this jury finds itself unable to arrive at a unanimous verdict, it will be necessary for the court to
declare a mistrial and discharge the jury. . . .


 . . . [Y]ou are instructed to continue deliberating in an effort to arrive at a verdict that is acceptable
to all members of the jury, if you can do so without doing violence to your conscience. Do not do
violence to your conscience, but continue deliberating.



On appeal, we generally presume the jury follows the trial court's instructions in the manner
presented. See Thrift v. State, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005). "The presumption is
refutable, but the appellant must rebut the presumption by pointing to evidence that the jury failed
to follow the trial court's instructions." Id. Absent the juror affidavits, the record does not include
sufficient evidence to rebut the presumption that the jury followed the trial court's instructions. See
id. Therefore, we cannot determine that the trial court's Allen charges had an improperly coercive
effect on the jury. Cf. id.

 Other Misconduct

 Appellant asserts that the affidavits attached to his motion for new trial were sufficient
evidence to require the trial court to order a new trial. Besides the Allen charges issue, the affidavits
include allegations of a juror sleeping, a juror reading a newspaper article and sharing its contents
with other jurors, jurors reaching a decision "based on personal feelings," and a juror "ask[ing] to
be told how to vote." The affidavits were no evidence that any of this conduct occurred at a time
other than breaks in deliberations or during deliberations in the jury room. See Knight, 2007 WL
431164, at *2. Likewise, the affidavits were no evidence of an "outside influence . . . improperly
brought to bear upon any juror." See Hines v. State, 3 S.W.3d 618, 623 (Tex. App.-Texarkana
1999, pet. ref'd) (matters emanating from inside the jury are not an outside influence). (7)
 Appellant,
as the proponent of the affidavits, bore the burden to prove their admissibility. See Lincoln v. Clark
Freight Lines, Inc., No. 01-06-01177-CV, 2009 WL 350563, at *12-13 (Tex. App.-Houston [1st
Dist.] Feb. 12, 2009, no pet. h.) (applying a similar requirement). Therefore, without more,
Appellant was not entitled to having the affidavits considered as evidence of juror misconduct. See
Tex. R. Evid. 606(b).

 Conclusion

 Because Appellant failed to meet his burden to prove the admissibility of the affidavits, we
cannot hold that the trial court abused its discretion by failing to consider them as evidence. See
Holden, 201 S.W.3d at 763. Because the remaining record contains insufficient evidence to do
otherwise, we hold that the trial court did not abuse its discretion by denying Appellant's motion for
new trial. See id. Therefore, we overrule Appellant's second issue.


Disposition 

 We affirm the judgment of the trial court.

 BRIAN HOYLE 

 Justice

Opinion delivered March 18, 2009.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.




(DO NOT PUBLISH)
1. Appellant asserts that the trial court impliedly denied his Brady motion to dismiss. In the alternative,
Appellant asserts that the trial court committed error by failing to expressly grant this motion. We have assumed,
without deciding, that the trial court denied Appellant's motion. Had the trial court refused to rule on the motion,
Appellant would not have preserved for review the trial court's refusal because he did not object to the trial court's
failure to rule. See Tex. R. App. P. 33.1; see also Ramirez v. State, 89 S.W.3d 222, 231 (Tex. App.-Corpus Christi
2002, no pet.); Miller v. State, 83 S.W.3d 308, 319 (Tex. App.-Austin 2002, pet. ref'd).
2. We have assumed, without deciding, that this comment constituted a motion to dismiss and that this
motion was the equivalent of a motion for a mistrial. We have so assumed despite the fact that, after being allowed
time outside the presence of the jury to question the detective, Appellant's counsel stated to the trial court that she
was not seeking any relief and that "the fact that I had time to speak with the witness is relief enough."
3. Appellant does not complain of the trial court's failure to hold an evidentiary hearing. See Wallace v.
State
, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003). Instead, he focuses on the trial court's denial of his motion on
its merits.
4. Juror Shelton does not describe in further detail the nature of the alleged "personal feelings" or of the
alleged shooting and death.
5. Juror Shelton does not supply the first name of "Juror Atkinson" or describe the content of the alleged
newspaper article.
6. We note that, despite Juror Bass's impression of the trial court's remarks to the jury when giving his last
Allen charge, the trial court did not actually tell the jury that they "weren't going home until [they] reached a
verdict." We also note that Appellant's brief focuses on the allegedly coercive effect of the Allen charges given by
the trial court, not on any remarks made by the trial court while giving the charges.
7. See also, e.g., Perry v. Safeco Ins. Co., 821 S.W.2d 279, 281 (Tex. App.-Houston [1st Dist.] 1991, writ
denied) (coercive influence of one juror on rest of panel not outside influence); Soliz v. Saenz, 779 S.W.2d 929, 932
(Tex. App.-Corpus Christi 1989, writ denied) (information gathered by juror and introduced to other jurors not
outside influence); Baley v. W/W Interests, Inc., 754 S.W.2d 313, 315-16 (Tex. App.-Houston [14th Dist.] 1988,
writ denied) (introduction of newspaper article to jury not outside influence); Kendall v. Whataburger, Inc., 759
S.W.2d 751, 755-56 (Tex. App.-Houston [1st Dist.] 1988, no writ) (juror's injection of own personal experiences,
knowledge, or expertise not outside influence). We consider it axiomatic that a juror sleeping or asking another juror
how to vote is not an outside influence under rule 606. The affidavits provide no evidence that the juror asking
another how to vote asked anyone other than a fellow juror.