Norman **MOORE**

v.

The **STANDARD FIRE INSURANCE COMPANY.**

No. 8073.

Court of Civil Appeals of Texas, Amarillo.

Nov. 23, 1970.

Rehearing Denied Dec. 21, 1970.

Huff & Bowers and Forrest Bowers, Lubbock, for appellant.

Evans, Pharr, Trout & Jones and Carlton B. Dodson, Lubbock, for appellee.

JOY, Justice.

This is a workmen's compensation case tried to a jury and from judgment for plaintiff for a limited number of weeks disability, the plaintiff has here appealed. Affirmed.

Appellant suffered a back injury while an employee of Johnson Manufacturing Co. The injury occurred while appellant was lifting a block assembly in a stooped position. After appellant failed to respond to conservative medical treatment, surgery was performed upon appellant's back at the L4–5 and L5–S1 vertebra levels after a myelogram test had been performed on the appellant that, according to the treating Dr. Garland's testimony, was inconclusive as to whether appellant had suffered a herniated disc. The operation disclosed no herniated or ruptured disc. The appellant was given additional physical therapy treatment and failed to respond thereto. Upon rehospitalization Dr. Garland decided to secure another neurosurgeon's opinion and called in Dr. William G. Evans for that purpose. Dr. Evans, after examination of appellant, concluded that there was a possibility of a herniated disc at either L3–4 or L4–5 levels of appellant's back, left side. Upon trial of the case Dr. Gar-

**214**

land was called to testify by defendant. Dr. Evans was not called as a witness. Upon the trial plaintiff attempted to solicit from Dr. Garland the diagnostic opinion of Dr. Evans regarding the condition of appellant but upon objection by defendant that the testimony was hearsay, the court excluded the testimony as well as a portion of the written report of Dr. Evans. In answering the special issues the jury found the appellant totally disabled for a period of 42 weeks and partially disabled for an additional 26 weeks. From this judgment the plaintiff has taken this appeal.

■ Plaintiff's points of error attacks the action of the trial court in refusing cross-examination by plaintiff of Dr. Garland concerning the opinion portion of the written report of Dr. Evans, and the refusal by the court to admit the hospital records concerning the opinion of Dr. Evans. Plaintiff has briefed both points together and candidly admits that the portion of Dr. Evans' report expressing a speculative diagnostic opinion might be subject to objection. The other portions of the report were read into evidence, the court excluding only the last paragraph which read: "My impression is after studying the chart that this L4 dermatone hypalgesia is difficult to explain, and I cannot completely exclude a small herniated disc either at L3–4 or L4–5, left side. I think the present treatment, however, should be continued. He may need a good back support." Therefore, the plaintiff's contention boils down to whether or not the speculative opinion by Dr. Evans can be used to impeach or discredit the testimony of Dr. Garland who testified that he could find nothing to account for the continuing pain of plaintiff other than the disuse or tightness of the muscles. Diagnostic medical opinions contained in hospital records are not admissible as primary evidence to prove a vital fact issue if the patient's condition, and the nature and cause thereof, are disputed and are based primarily upon conjecture and speculation. See Loper v. Andrews, Tex., 404 S.W.2d 300

(1966); also Coastal States Gas Producing Co. v. Locker, Tex.Civ.App., 436 S.W.2d 592 (n.w.h.).

■■ Plaintiff stresses the analogy of the use of authoritative treatises, books and articles for impeachment purposes and the attempted use here of a consulting doctor's diagnostic opinion report for the same purpose, especially wherein the treating doctor has referred his patient to the consulting doctor for the very purpose of securing his opinion. We agree with appellant and can find no valid reasons for permitting the one and disallowing the other, and think the court erred in refusing to permit plaintiff to so cross-examine the witness. We then are faced with the problem of whether or not the error was reasonably calculated to cause and probably did cause the rendition of an improper verdict. That burden rests upon appellant to prove the affirmative thereof, and we do not think he has discharged that burden here. Wilson v. City of Port Lavaca, Tex.Civ.App., 407 S.W.2d 325 (ref'd n.r.e.); Rule 434, Texas Rules of Civil Procedure. During the course of the trial defendant's counsel pointed out to the court in his objection that Dr. Evans had not been called as a witness by plaintiff even though he was apparently available. Further, Dr. Garland called by defendant, upon cross-examination by plaintiff's counsel testified in part as follows:

"Q. Now, Doctor, it is not beyond the realm of possibility that you might be called upon to do surgery again in this man's back because of the same symptoms if he doesn't obtain relief and if you find further objective findings, that is a possibility, isn't it?

A. It is a possibility, yes sir.

Q. You don't guarantee a man that you will always cure him with one surgery or two surgeries, do you?

A. No sir.

Q. And there have been experiences in your office where you would operate on

a man once, think you had cured him of his problem or found no problem at all and then consequently have to do surgery the second time, isn't that right?

A. That is a possibility, yes sir."

 In view of the fact that the opinion of Dr. Evans was admissible, if at all, only for the limited purpose of impeaching or discrediting Dr. Garland's testimony and not as primary evidence of a vital fact issue, and the further reason of the admissions made by the testifying doctor of the possible necessity of further operations, we do not find the error such as calculated to cause and probably did cause an improper verdict.

The judgment of the trial court is affirmed.