**TEXAS PACIFIC INDEMNITY COMPANY, Appellant,**

v.

**BUILDING MATERIAL DISTRIBUTORS, INC., Appellee.**

**No. 5311.**

Court of Civil Appeals of Texas, Waco.

March 21, 1974.

Rehearing Denied April 25, 1974.

Thompson, Coe, Cousins, Irons & Porter, Larry L. Gollaher and Arthur W. Stone, Dallas, for appellant.

Burrow & Earls, William Burrow, Sr., Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Insurance Company from judgment for plaintiff Building Material Distributors, Inc., on a windstorm policy issued by defendant.

The case involves the collapse on May 6, 1969, of a warehouse building at 134 Oak Lawn in Dallas. Plaintiff was lessee-occupant of the building, and had insured the contents, consisting principally of aluminum siding and shingles, against windstorm with defendant. The issues tried to a jury were controverted as to whether windstorm was the sole cause of the building's collapse, or whether the collapse was caused or contributed to by the weight of rainwater that collected on the roof. The trial court defined sole proximate cause as meaning "the only proximate cause. If there is more than one proximate cause of an event, then no single proximate cause can be the sole proximate cause."

The jury found that windstorm was the sole proximate cause of the collapse of the building and answered issues upon which the trial court rendered judgment for plaintiff-appellee. Appellant in its brief states "no complaint is made by the insurer-appellant as to those findings nor is it asserted that such findings taken alone would not support the judgment rendered."

Appellant Insurance Company appeals on 2 points:

1) The trial court erred in failing to render judgment for the insurer, notwithstanding the verdict, because the insured's obtaining of judgment in Cause No. 72–7711 impaired the insurer's rights of subrogation.

2) The trial court erred in giving the jury a verdict inducing charge of the "Allen charge" variety, and in failing to grant Defendant's Motion for Mistrial, which was based on that "Allen charge".

We revert to contention 1). The insurance policy sued on provided: "Subrogation. This company may require from the insured an assignment of all right of recovery against any party for loss to the extent that payment therefor is made by this Company. The insured may not, except it be in writing executed prior to the loss, waive his right of recovery from any party."

Plaintiff-appellee originally filed suit against Lerer Realty Company, Inc., owner of the building alleging that Lerer failed to maintain the roof in good repair and failed to maintain adequate drainage on the roof, which caused the roof to collapse. Thereafter plaintiff amended to include defendant-appellant Insurance Company which was sued on the windstorm policy and its agent Gene Smyers, and a sublessor Lydick, Inc. Thereafter plaintiff dismissed as to all defendants except appellant herein; and plaintiff filed a new suit "Cause 72–7711" against Lerer. This suit resulted in judgment for plaintiff for $15,000.

Appellant attempted to file a third-party action to bring Lerer back into the case which was denied by the trial court; and moved for judgment plaintiff take nothing on the basis of the impairment of the insurer's subrogation rights, which motion was overruled by the trial court.

Thereafter defendant asserted the impairment of subrogation rights as a complete defense and moved for instructed verdict, and later for judgment notwithstanding verdict, which motions were overruled.

Appellant insurer here asserts that plaintiff-appellee by dismissing as to Lerer deprived it of right of subrogation, and such is a complete defense under the policy. Appellant cites Foundation Res. Ins. Co. v. Cody, Tex.Civ.App., NWH, 458 S.W.2d 214; State Farm Mutual Automobile Ins. Co. v. Elkins, Tex.Civ.App., NWH, 451 S. W.2d 528, and; Millers Mutual Fire Ins. Co. of Texas v. Mitchell, Tex.Civ.App., NWH, 392 S.W.2d 703 as controlling.

These cases hold that where an insured under a contract containing a right of subrogation on behalf of the insurer, settles with or releases the wrongdoer from liability for loss before payment has been made by the insurer, that the insurer's right of subrogation is destroyed, and the insured forfeits any claim for indemnity under the policy.

Paragraph 14–C of the lease provides "If the building * * should be damaged by, tornado * but not to such extent that rebuilding or repairs cannot be completed within 120 days after the date upon which Landlord is notified by Tenant of such damage * * Landlord shall at its sole cost and expense proceed * * to rebuild and repair such building * *".

Appellant-defendant's contention is overruled, and its authorities are inapplicable to the factual situation in this case.

■ In this case windstorm was the sole proximate cause of the loss; under the trial court's definition there could not be another cause; thus there were no subrogation rights. Appellant's authorities involve situations where the insured released the tort feasor who caused his loss, thus depriving the insurance company of its right under the policy of subrogation against such tort feasors. Here the *sole* proximate cause of the loss was windstorm, and plaintiff's action thus could not deprive defendant of *any* right of subrogation. And defendant makes no complaint of the jury findings.

The record reflects plaintiff's recovery in Cause No. 72–7711 was for Lerer's failure to repair and rebuild the building as it was required to do in paragraph 14–C of the lease.

Appellant's point 1 is overruled.

Point 2 complains of an asserted verdict inducing charge of the "Allen" variety given to the jury by the trial judge.

The jury commenced its deliberations at 12:15 PM on November 9, 1972. After deliberating the next day (which was Friday) for an hour and fifteen minutes they sent a note to the court "We are unable to agree on Special Issue 1. Do we answer the others." The trial court then dictated the charge complained of in which he advised the jury to consider succeeding issues, and then "It is suggested that you continue or return to a further considera-

tion of Issue 1 and continue your labors in that direction until you are tired. I would suggest that you work on until such hour as you feel that further work will not be productive and then recess until Monday morning at nine AM * * *". Appellant asserts "the court coerced a verdict from the jury by threatening to hold the jury over to the following Monday."

The jury returned its verdict later that day at approximately 3:35 PM.

Appellant did not object to the charge at the time it was dictated by the judge or when it was read to the jury. Some 45 minutes after the jury had retired counsel made motion for mistrial.

We think appellant waived any complaint with the charge by his failure to object; Rule 274, Texas Rules of Civil Procedure; and further appellant has not shown harm as a result of the charge. Rule 434 TRCP.

Point 2 is overruled.

Affirmed.