James **GOLDEN**, Appellant,

v.

**FIRST CITY NATIONAL BANK IN GRAND PRAIRIE**, Appellee.

No. 05–87–00605–CV.

Court of Appeals of Texas, Dallas.

May 16, 1988.

Tim Tyner, Susan Leigh Sanders, Arlington, for appellant.

James F. Boyle, Grand Prairie, for appellee.

Before ENOCH C.J., and HUGHES[1] and ASHWORTH[2], JJ.

ENOCH, Chief Justice.

Appellant James Golden (Golden) appeals the trial court's judgment in a conversion action brought against him by appellee First City National Bank in Grand Prairie (First City). In six points of error, Golden contends that the district court erred in delivering to the jury a supplemental, verdict-urging instruction commonly known as an *Allen* type charge. *See Allen v. United States*, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896). Golden further urges that the court erred in denying his motion for new trial based upon jury misconduct. For the reasons discussed below, we affirm the judgment of the district court.

First City sued Golden to recover $11,-700.00. First City contended that Golden came to the bank to cash checks worth approximately $1,300.00, but that First City's teller mistakenly gave him $13,-000.00. Golden denied these allegations.

The case was tried to a jury. The court submitted one special issue to the jury inquiring whether Golden had received $11,-700.00 belonging to First City. After deliberating approximately three hours, the jury sent a note to the trial judge stating that the jurors could not agree on an answer to the special issue. After consulting with counsel, the judge sent a supplemental, verdict-urging instruction to the jury. Approximately thirty minutes later, the jury returned a ten to two verdict in favor of First City.

In its brief, First City correctly points out that Golden has failed to provide an appellate record which demonstrates either the exact contents of the jury's note to the judge or the length of the jury's deliberations before and after receiving the supplemental charge. For purposes of this opinion, however, we will accept the description in Golden's brief.

After trial, First City filed a motion for judgment on the verdict. Golden filed a response and motion for new trial. The motion for new trial alleged jury misconduct and was supported with an affidavit from one of the jurors. In the affidavit, the juror stated that he did not believe that First City had proven its case against Golden. However, he felt pressured into changing his vote in favor of First City because, after receiving the supplemental charge, he

1. The Honorable W.A. Hughes, Justice, retired, Court of Appeals, Second District of Texas at Fort Worth, sitting by assignment.

2. The Honorable Clyde R. Ashworth, Justice, retired, Court of Appeals, Second District of Texas at Fort Worth, sitting by assignment.

was led to believe that a hung jury was not allowed.

The judge granted First City's motion for judgment on the verdict and overruled Golden's motion for new trial. Twenty-nine days after the trial court's ruling on his first motion for new trial, Golden submitted a second motion for new trial. Despite some changes in wording, the grounds for this motion were essentially the same as in the first motion. The trial court's docket sheet shows that this motion was also denied.

## THE SUPPLEMENTAL INSTRUCTION

All of Golden's points of error, in one manner or another, concern whether the supplemental instruction was coercive. Therefore, we will review the instruction before discussing Golden's points of error. The court submitted the following charge to the jury.

Members of the Jury:

I have your note that you are unable to reach a decision on the charge submitted to you by the Court.

I am going to ask you to return to the jury room to continue your deliberations. This case has been ably tried by competent attorneys and you are a representative jury of the citizens of Dallas County. In the interest of justice, if you could end this litigation by your verdict, you should do so.

I do not mean to say that any individual person on the jury should yield his or her own conscience and positive conviction, but I do mean that when you are in the jury room, you should discuss this matter among yourselves carefully and listen to each other, and try, if you can, to reach a conclusion on the issues. It is the duty of jurors to keep their minds open and free to every reasonable argument that may be presented by fellow jurors that they may arrive at a decision which justly answers the consciences of the individuals making up the jury. A juror should not surrender any conscientious views founded upon the evidence unless convinced of his or her error by fellow jurors.

It has cost the citizens of Dallas County considerable expense to have this case tried before a jury over the past few days.

I am satisfied, ladies and gentlemen, that you have not deliberated sufficiently so that, in good conscience, I can accept a report that you cannot reach a decision. Accordingly, please return to the jury room to continue your deliberations.

In *Stevens v. Travelers Insurance Company,* 563 S.W.2d 223 (Tex.1978), the supreme court sets forth the procedure for evaluating whether a verdict-urging instruction is coercive. First, the court must examine the charge for possibly coercive statements. If a possibly coercive statement is found, the court then must consider the charge as a whole and the circumstances surrounding it. *Id.* at 229–32.

In this case, the charge presented by the district court is substantially similar to the charge considered in *Stevens,* except that the trial court in this case eliminated a statement identified in *Stevens* as potentially coercive. Nevertheless, Golden asserts that the instruction contains two statements which render it coercive.

■ First, Golden points to the statement: "It has cost the citizens of Dallas County considerable expense to have this case tried before a jury over the past few days." Golden argues that this statement is coercive. He contends that its placement in a separate paragraph near the bottom of the charge lends it undue emphasis. Despite Golden's arguments, we cannot agree that this statement is coercive. The charge in *Stevens* contained a substantially identical statement in a substantially identical position in the charge. Although the court in *Stevens* did not approve this statement, it stated that, "if it is given, it is not, without more, coercive." *Stevens,* 563 S.W.2d at 231–32. Golden has pointed to no factors which differentiate the cost statement in this charge from the cost statement in *Stevens.* Therefore, following *Stevens,* we conclude that this statement is not coercive.

The second statement which Golden considers improper is "I am satisfied, ladies and gentlemen, that you have not deliberated sufficiently so that, in good conscience, I can accept a report that you cannot reach a decision. Accordingly, please return to the jury room to continue your deliberations." Again, this statement is substantially similar to one which the *Stevens* court found non-coercive. Golden points out that this statement differs from the statement in *Stevens* in that the trial court in this case used the words "reach a decision" while the charge in *Stevens* used the words "arrive at an agreement." This difference is without significance, and we hold that the statement in this case is not coercive.

Golden further argues, though, that the court's charge was unduly coercive because it was not tailored to take into account the circumstances of the case and the susceptibility of this particular jury to the effects of the charge. Golden did not suggest, however, either to the trial court or in his brief, any particular way in which the trial court should have tailored its charge. Nor did he identify any characteristics of the case or the jury which would have indicated, at the time that the charge was submitted, that such tailoring was required. Golden urges, however, that the juror's affidavit supporting his motion for new trial demonstrates that the charge had the effect of being coercive.

The procedure prescribed by *Stevens* requires a court to consider the surrounding circumstances in evaluating a supplemental, verdict-urging instruction only if the court determines that the instruction contains potentially coercive statements. *Anzaldua v. American Guarantee Liability & Insurance Co.,* 596 S.W.2d 222 (Tex.Civ. App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). In this case, the supplemental instruction contains no such statements. Therefore, we need not consider the surrounding circumstances. Regardless, if we were to consider the surrounding circumstances, Texas Rule of Civil Procedure 327(b) and Texas Rule of Civil Evidence

606(b), discussed below, preclude consideration of the juror's affidavit. Without the affidavit, the only factor stated by Golden as demonstrating a coercive effect is the jury's returning its verdict thirty minutes after receiving the charge. Given that the total deliberations lasted only three and one-half hours, this does not demonstrate that the charge was coercive. Nothing in our review suggests that the instruction in this case was coercive.

We now consider Golden's points of error.

### Points of Error Two and Three

■ In points of error two and three, Golden contends that the trial court erred in submitting the supplemental instruction to the jury and failing to accept its deadlocked verdict. First City argues that Golden has waived any error regarding the supplemental charge because he failed to object at the time the charge was submitted. We agree.

Under Texas Rule of Civil Procedure 272,[3] litigants must present their objections to the charge before it is presented to the jury. Objections not so presented are waived. TEX.R.CIV.P. 272; *see also Missouri Pacific Railroad Company v. Cross,* 501 S.W.2d 868, 873 (Tex.1973). Rule 272 is most clearly applicable to objections to the court's initial charge to the jury. The rule that objections must be presented before the charge has been given to the jury, however, has also been applied to supplemental instructions, including instructions which a litigant later contends were coercive. *Texas Pacific Indemnity Company v. Building Material Distributors, Inc.,* 508 S.W.2d 488 (Tex.Civ.App.—Waco 1974, writ ref'd n.r.e.). At oral argument, Golden asserted that a litigant should not be required to object at the time that a verdict-urging instruction is presented to the jury because the instruction's coercive effect may not be apparent until later. We disagree.

**3.** Texas Rules of Civil Procedure 272, 277, and 286, discussed in this opinion, were amended

effective January 1, 1988. These amendments do not affect our disposition of this case.

Although the parties may not be able to predict the effect of a verdict-urging instruction with complete accuracy, this does not relieve them of their obligation to review the text of the court's charge and point out to the trial court any statements which they find potentially coercive. A primary purpose of Rule 272 is to allow the trial court the benefit of counsel's objections so that it might correct any errors before the charge is given to the jury. *Cross*, 501 S.W.2d at 873. Given this purpose, the requirement of a prior objection seems particularly appropriate in a delicate area such as a verdict-urging instruction. A party may not speculate on the effect of the charge on the jury's verdict and then complain for the first time when that verdict goes against him. *See Colls v. Price's Creameries*, 244 S.W.2d 900, 906 (Tex.Civ. App.—El Paso 1951, writ ref'd n.r.e.). Furthermore, even if Golden had preserved error as to points two and three, our analysis shows that the charge was not coercive. Golden's second and third points of error are overruled.

### *Points of Error Four, Five and Six*

Golden's fourth, fifth, and sixth points of error address the trial court's denials of his motions for new trial. We note that Golden's second motion for new trial was filed without leave of court and after the court had already ruled upon Golden's first motion for new trial. First City contends that the trial court did not err in denying Golden's second motion because it was filed without leave of court as required by TEX. R.CIV.P. 329b(b). Because these motions for new trial reveal no significant differences, we need not reach the question of whether the second motion for new trial was correctly overruled for this reason. We will simply discuss both motions as one.

Golden contends that the trial court erred in refusing to allow him an evidentiary hearing on the jury misconduct allegation in his motion for new trial and, based upon this misconduct, that the trial court

erred in overruling his motion for new trial. We disagree.

In this case, Golden supported his motion with a juror's affidavit stating, in pertinent part:

When the jury began its deliberations, I was one of four (4) jurors who believed that the Bank had not proven its case against Mr. Golden by a preponderance of the evidence.

I felt pressured into changing my vote because I believed, after the judge sent us a note, that a hung jury was not allowed and that we had to make some kind of a decision.

I never changed my mind and still don't believe the bank proved its case against Mr. Golden by a preponderance of the evidence.

Texas Rule of Civil Procedure 327, as delineated by *Roy Jones Lumber Co. v. Murphy*, 139 Tex. 478, 163 S.W.2d 644, 646 (1942), governs motions for new trial based on jury misconduct.[4] According to *Jones Lumber*, Rule 327(a) requires the trial court to hear evidence of the alleged misconduct: (1) if the motion for new trial is supported by affidavits showing material jury misconduct; or (2) if the motion contains sufficient allegations of material jury misconduct and it discloses a reasonable explanation as to why affidavits cannot be secured. In the absence of such affidavits or a reasonable excuse for their absence, a refusal to hear evidence on the motion is within the sound discretion of the trial court. *Id.*

However, Texas Rule of Civil Procedure 327(b) and Texas Rule of Civil Evidence 606(b) preclude the admission of testimony or affidavits by any juror concerning his mental processes or concerning matters or statements occurring during jury deliberations. Rule 606(b) provides:

Upon an inquiry into the validity of a verdict or indictment, *a juror may not testify as to any matter or statement*

---

4. Although Rule 327 has been amended since the decision in *Jones Lumber*, this Court as continued to follow *Jones Lumber* in construing that Rule's requirements regarding the proper submission of affidavits in cases of jury misconduct. *See Clancy v. Zale Corp.*, 705 S.W.2d 820, 828 (Tex.App.—Dallas 1986, writ ref'd n.r.e.).

*occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith, except that a juror may testify whether any outside influence was improperly brought to bear upon any juror.* Nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received for these purposes. TEX.R.CIV.EVID. 606(b) (emphasis added); *see also* TEX.R.CIV.P. 327(b).

■ Golden contends that his evidence of jury misconduct is admissible in this case under the provision of Rules 327(b) and 606(b) allowing jurors to testify whether "any outside influence was improperly brought to bear upon any juror." He argues that the trial court's supplemental, verdict-urging instruction represents an improper outside influence within the meaning of Rules 327(b) and 606(b). We cannot agree.

As a matter of law, jury instructions cannot be an outside influence. Our rules specifically mandate in some cases and authorize in others the submission of instructions to the jury for its consideration. TEX.R.CIV.P. 277, 286. An instruction to the jury can be only one of two things. It is either legally correct or it is not. If it is not, then submission of the instruction is trial court error. As stated earlier, the supplemental, verdict-urging instruction in this case was legally correct.

As all of the statements in the affidavit offered by Golden concern the juror's mental processes or matters occurring in the jury room and as the court's supplemental instruction did not represent an improper outside influence, under Rules 327(b) and 606(b), the juror's statements are inadmissible to show jury misconduct. *See United States v. Vincent,* 648 F.2d 1046 (5th Cir. 1981) (FED.R.EVID. 606(b) prevents probing of jurors' mental processes in determining coerciveness of *Allen* charge); *H.E. Butt Grocery Co. v. Paez,* 742 S.W.2d 824,

826 (Tex.App.—Corpus Christi 1987, writ denied) (trial court judge's response to jury inquiry during deliberations is not an outside influence); *Hoffman v. Deck Masters, Inc.,* 662 S.W.2d 438, 442 (Tex.App.—Corpus Christi 1983, no writ) (testimony that jurors misunderstood the court's charge may not be used to impeach their verdict). Golden's fourth, fifth and sixth points of error are overruled.

### Point of Error One

Finally, we address Golden's first point of error. In this point of error, Golden contends that the trial court erred in denying his motion for new trial because the juror's affidavit and the circumstances surrounding the return of the final jury verdict demonstrated that he did not receive a fair and impartial trial. Again, we disagree.

As we previously stated, the trial court's supplemental instruction was not coercive when analyzed according to the procedure set out in *Stevens.* Nor does the juror's affidavit present any cognizable fact regarding jury misconduct. Furthermore, the Texas Rules of Civil Procedure provide ample opportunity to object to the delivery or contents of the charge and to obtain appellate review of the charge. Such rules provide substantial protection of Golden's right to a fair trial. TEX.CONST. art. I, § 15. *See also United States v. Vincent,* 648 F.2d 1046, 1050 (5th Cir.1981) (use of *Allen* charge, considered in light of all admissible evidence of coercive effect, did not deprive criminal defendant of fair trial). Golden's first point of error is overruled.

We AFFIRM the judgment of the trial court.