**Bill R. HUTTON, Appellant**

v.

**AER MANUFACTURING II, INC., and Aer Manufacturing, L.P., Appellees.**

No. 05–05–00813–CV.

Court of Appeals of Texas, Dallas.

Jan. 30, 2007.

Fred DeVore, DeVore, Acton & Stafford, P.A., Charlotte, Richard L. Denney, Burke Barrett, Denney & Barrett, P.C., Norman, Terry Fleming, Law Offices of Terry K. Fleming, Fort Worth, Bruce R. Kaster, Bruce R. Kaster, P.C., for Appellant.

Wade Caven Crosnoe, Thompson, Coe, Cousins & Irons, L.L.P., Austin, David M. Taylor, Jennifer D. Aufricht, Dallas, for Appellee.

Before Justices MORRIS, LANG, and LANG–MIERS.

## OPINION

Opinion by Justice MORRIS.

In this appeal from a jury trial, Bill R. Hutton challenges the trial court's take-nothing judgment on his claims against AER Manufacturing II, Inc. and AER Manufacturing, L.P. In his first six issues, appellant contends the trial court reversibly erred when it denied his motion for new trial alleging jury misconduct, vacated a previously granted partial summary judgment, and improperly admitted certain evidence. In an additional issue, appellant contends appellees' counsel presented improper jury argument. For the reasons that follow, we affirm the trial court's judgment.

I.

Appellant sued appellees and others in a products liability action arising out of a one-vehicle highway accident that occurred

in July 2000.[1] After appellant settled with the other defendants, the case proceeded to trial against appellees. The jury assessed ten percent negligence to appellees and the remaining ninety percent negligence to the vehicle's driver. Based on the jury verdict, the trial court rendered a take-nothing judgment in favor of appellees. Appellant filed a motion for new trial, which the trial court denied after a hearing. This appeal followed.

## II.

■■■ In his first issue, appellant contends the trial court erred in denying his motion for new trial because he presented substantial evidence of jury misconduct through the affidavits and live testimony of four jurors. We review a trial court's ruling on a motion for new trial for an abuse of discretion. *Dir., State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 268 (Tex.1994). To be entitled to a new trial for jury misconduct, appellant must establish (1) the misconduct occurred, (2) it was material, and (3) probably caused injury. TEX.R. CIV. P. 327(a); *Golden Eagle Archery, Inc., v. Jackson*, 24 S.W.3d 362, 372 (Tex.2000). To show probable injury, there must be some indication in the record that the misconduct likely caused a juror to vote differently than he would otherwise have done on at least one issue vital to the judgment. *Rosell v. Cent. W. Motor Stages, Inc.*, 89 S.W.3d 643, 661 (Tex.App.-Dallas 2002, pet. denied).

■■■ Our review of the record reveals the trial court excluded much of appellant's jury misconduct evidence as inadmissable under rule 606(b) of the Texas Rules of Evidence. Under rule 606(b) and rule 327(b) of the Texas Rules of Civil Procedure, a juror may not testify with respect to any matter or statement occurring during the jury's deliberations or the effect of anything on any juror's mind or emotions or mental processes as influencing any juror's assent to or dissent from the verdict. TEX.R. EVID. 606(b); TEX.R. CIV. P. 327(b). By its ruling, the trial court permitted only evidence addressing, first, juror conversations occurring outside formal jury deliberations and, second, the effect on the testifying jurors of the trial court's instruction to the jury after the jury announced it was deadlocked. Appellant does not challenge the trial court's evidentiary ruling on appeal. We therefore analyze appellant's allegations of jury misconduct using only the evidence that was not specifically excluded.

Appellant first argues his evidence established several jurors had reached an agreement or verdict before the jury began formal deliberations. Appellant relies on juror Abigail Ghose's affidavit and testimony indicating that during deliberations another juror said that she thought they had agreed at lunch or beforehand what they were going to do. This testimony was arguably excluded from consideration under the trial court's ruling precluding any juror testimony about statements made during deliberations. During the hearing on appellant's motion for new trial, however, the trial court overruled appellee's objection to this testimony. To the extent the trial court permitted this testimony, it was not competent evidence to establish jury misconduct under rules 327(b) and 606(b). *See id.* Moreover, the juror's statement appears completely out of context. There was no evidence of the details or nature of this purported agreement, whether it was material to the outcome of the trial, or whether it caused appellant injury. In fact, juror Melissa Baker testified she did not think the lunch

---

**1.** Appellant is the father and guardian of the driver of the vehicle involved in the accident.

discussion changed anyone's opinion of the case or the way the jurors voted. Ghose likewise denied she had agreed to anything beforehand and testified the lunch discussion did not change how she went into deliberations. Other evidence of jury misconduct upon which appellant relies consists of vague statements of jurors talking about certain witnesses and testimony before formal deliberations began. Again, there was no evidence these conversations were material or that they resulted in harm to appellant. We therefore conclude the trial court did not abuse its discretion in denying appellant a new trial based on this evidence.

■ Appellant next argues in his first issue that the jury was affected by "outside influences" because certain jurors misinformed other jurors about the effect of their negligence assessments and the jury considered improper matters during their deliberations. A juror is not precluded from testifying about "whether any outside influence was improperly brought to bear upon any juror." Tex.R. Civ. P. 327(b); Tex.R. Evid. 606(b). But appellant's characterization of the misinformation and improper discussions as "outside influences" is incorrect. An outside influence originates from a source other than the jurors themselves. *Golden Eagle*, 24 S.W.3d at 370. Because appellant's evidence of the misinformation and improper discussions consisted solely of juror affidavits and testimony on matters and statements occurring during deliberations, it was either excluded under the trial court's evidentiary ruling or incompetent evidence under rule 327(b) and 606(b). Thus, the trial court did not abuse its discretion in denying appellant's motion for new trial based on these grounds.

■ Finally, appellant complains jury misconduct occurred as a result of the trial court's instruction after the jury said it was deadlocked. We first note there is nothing in the record to indicate appellant objected at the time the trial court gave its instruction urging a verdict be reached. Accordingly, appellant has waived any error with respect to the supplemental jury charge. *See Golden v. First City Nat. Bank*, 751 S.W.2d 639, 642 (Tex.App.-Dallas, 1988, no writ). Moreover, as a matter of law, jury instructions are not an outside influence. *Id.* at 644. Thus, to the extent appellant supports his misconduct claim solely with juror affidavits and testimony that they changed their votes or bargained away their positions as a result of the supplemental charge, such evidence was inadmissible under rules 327(b) and 606(b) as evidence about deliberations. *See Rosell*, 89 S.W.3d at 661; *Golden*, 751 S.W.2d at 644. Because there was no competent evidence before the trial court to support his allegations of juror misconduct based on the court's instruction, appellant was not entitled to a new trial on this ground.

For the reasons stated above, the trial court did not abuse its discretion in denying appellant's motion for new trial based on jury misconduct. We therefore resolve appellant's first issue against him.

■ In his second issue, appellant contends the trial court erred when it partially vacated an interlocutory summary judgment on liability in his favor. We disagree. A trial court retains continuing control over interlocutory orders and has the power to vacate, modify or otherwise alter such orders at any time before a final judgment is rendered. *See Johnson v. Resendez*, 993 S.W.2d 723, 726 (Tex. App.-Dallas 1999, pet. dism'd w.o.j). Appellant also asserts the trial court, when it made its ruling, incorrectly considered evidence that was not before the court at the time it granted the original summary judgment. The trial court's order vacating the partial summary judgment specifi-

cally states, however, that it excluded from consideration all evidence offered by any party that was not part of the original summary judgment submission. We therefore resolve appellant's second issue against him.

■ Appellant's third issue challenges the trial court's admission into evidence of a videotape of rollover tests General Motors Corporation performed in the 1980s on Malibu vehicles. Appellant contends the videotape's probative value was outweighed by its prejudicial effect because the accident in this case involved a 1996 Ford Ranger and the condition of the 1980s rollover tests were too dissimilar from the conditions existing at the time of the accident.

■ A trial court's evidentiary rulings will not be reversed absent an abuse of discretion and a showing that it probably resulted in the rendition of an improper judgment. *See Ford Motor Co. v. Castillo,* 200 S.W.3d 217, 231 (Tex.App.-Corpus Christi 2006, pet. filed). Our review of the record reveals the videotape was offered and admitted for the specific purpose of demonstrating the general scientific principles of gravitational, centrifugal, and linear forces on a vehicle occupant during a rollover. At trial appellees noted the differences between the Malibu rollover tests and the rollover forming the basis of this case. Their witnesses also specifically informed the jury that the content of the videotape was not a recreation of the rollover that occurred in this case. The videotape did not go into the jury room and was marked for record purposes only. Appellant has cited no authority that would preclude admission of the videotape to demonstrate general scientific principles as noted above. The single case upon which appellant relies addressed a challenge to the trial court's exclusion of a videotape of a "drop test" to demonstrate vehicle roof

strength in circumstances completely dissimilar to the accident involved in that case. *See Rodriguez v. Hyundai Motor Company,* 944 S.W.2d 757, 767 (Tex.App.-Corpus Christi, 1997), *rev'd on other grounds,* 995 S.W.2d 661 (Tex.1995). The appellate court held the trial court did not abuse its discretion in excluding the test given the obvious discrepancies between the test and the accident and because the test was deemed unreliable by the entity that had developed it. *Id.* In light of the limited purpose for which the videotape was admitted in this case, we conclude the trial court did not abuse its discretion in permitting the jury to view it.

■ Also under his third issue, appellant discusses a rollover demonstration that appellees' expert Carl Savage performed to evaluate whether there was sufficient space between the vehicle's high front seats for the driver to move from the driver's seat to the rear compartment. To the extent appellant complains about Savage's testimony about the rollover demonstration, he did not object to the testimony and has thus waived any complaint in that regard. *See* Tex.R.App. P. 33.1 Moreover, the trial court sustained appellant's objection to the photos of the rollover demonstration that appellees attempted to offer into evidence. Accordingly, we conclude there was no reversible error in connection with the evidence of Savage's rollover demonstration. We resolve appellant's third issue against him.

■ In his fourth issue, appellant claims Savage should not have been allowed to testify at all because appellees did not timely disclose him as an expert witness in accordance with rules 195.2 and 195.6 of the Texas Rules of Civil Procedure. Appellees respond that the trial court did not err in admitting Savage's testimony because at a pretrial conference

all parties agreed to reset the trial date and that appellees would designate three new experts (including Savage) by October 1, 2004. We agree with appellees. Appellant does not argue that Savage was designated after the agreed October 1 deadline. The record also reflects that appellant deposed Savage about three months before the case was actually tried. In such circumstances, we cannot conclude the trial court erred in permitting Savage to testify. We resolve appellant's fourth issue against him.

In his fifth issue, appellant complains of appellees' counsel's reference to a particular report during the cross-examination of appellant's expert witness. The three paragraph argument appellant presents in support of his position does not provide any legal authority or discussion about how appellees' reference to the report probably resulted in the rendition of an improper judgment. Accordingly, he has waived this contention. *See* TEX. R.APP. P. 38.1(h). We resolve appellant's fifth issue against him.

In his sixth issue, appellant challenges the trial court's ruling permitting the police officer who investigated the accident to testify. Appellant claims the officer was not qualified to testify that the accident was caused by driver fatigue or exhaustion. As noted above, we evaluate the trial court's decision to admit certain testimony under an abuse of discretion standard. *See Ford Motor Co.*, 200 S.W.3d at 231.

Excerpts of the officer's videotaped deposition were admitted into evidence. The officer testified that, at the time of the deposition, he had been a state trooper for almost four years. He further stated that part of his official responsibility was to investigate highway accidents and that he had investigated at least seventy-five to one hundred accidents since becoming a state trooper. He also indicated that he received a two-week course on accident investigation at a police academy that included observing and interpreting physical evidence such as tire marks and gouge marks. The trial court could readily conclude the officer's qualifications were sufficient to give an expert opinion concerning the cause of this accident. The trial court did not abuse its discretion.

Moreover, even if the officer were not qualified to testify with respect to causation, the error was harmless in light of the admitted deposition testimony of Kevin Granat, an expert who reconstructed the accident. Like the investigating officer, Granat also opined that the accident was caused by driver inattention. Appellant has failed to show the challenged testimony probably caused rendition of an improper judgment. *See Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 617 (Tex.2000) (successful challenge to evidentiary ruling requires appellant to show judgment turned on particular evidence admitted). We resolve appellant's sixth issue against him.

In his seventh issue, appellant contends appellees' counsel made several improper comments during jury argument. During the trial, appellant did not object to or request an instruction with respect to any of these comments. A complaint about improper but curable jury argument is waived by the failure to object at trial. *See Standard Fire Ins. Co. v. Reese*, 584 S.W.2d 835, 841 (Tex.1979). Thus, all of appellant's complaints under this issue are waived unless he can establish the harm caused by the allegedly improper comments was not curable by an instruction, a prompt withdrawal of the statement, or a reprimand by the trial court. *See Krishnan v. Ramirez*, 42 S.W.3d 205, 221 (Tex. App.-Corpus Christi 2001, pet. denied). To establish incurable harm from jury ar-

gument, appellant must establish the comments, when viewed in light of the entire record, were so inflammatory as to strike at the heart of the adversarial process or appeal to fundamental prejudices. *See Macias v. Ramos,* 917 S.W.2d 371, 375 (Tex.App.-San Antonio 1996, no writ). Appellant makes no such showing on appeal. Moreover, after reviewing the comments in light of the entire record, we conclude they do not rise to the level of incurable jury argument.[2] Thus, appellant's failure to object during trial results in waiver of these complaints on appeal. We resolve appellant's seventh issue against him.

We affirm the trial court's judgment.

---

**2.** Appellant alleged the following instances of improper jury argument: appellees' counsel mentioned Ford's settlement; counsel suggested a legal assistant from appellant's law firm told appellant's reconstruction expert there was a disabled tire; counsel indicated damages testimony was from hired experts and not treating physicians; counsel suggested the photograph of a tire at the scene was taken by a case runner; and counsel mentioned when appellant retained lawyers in violation of the order on appellant's motion in limine.