# NO. 12-08-00091-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JEREMY SHANE COX,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Jeremy Shane Cox appeals his conviction for the offense of aggravated robbery. In three issues, Appellant asserts that the trial court reversibly erred by failing to grant his motion to dismiss based on a ***Brady*** violation, issuing a third ***Allen*** charge to the jury during a deadlock in deliberations, and denying his motion for new trial based on alleged jury misconduct. We affirm.

## BACKGROUND

On March 17, 2007, Appellant shot and robbed Bryan Banks. As a result, Appellant was charged by indictment with the offense of aggravated robbery. Following a trial, the jury found Appellant guilty and the trial court assessed Appellant's punishment at forty-five years of imprisonment and a $5,000 fine. Appellant moved for a new trial, which was denied by the trial court. This appeal followed.

## *BRADY* VIOLATION

In his first issue, Appellant asserts that the trial court reversibly erred by failing to grant his

*Brady* motion to dismiss.[1]  *See **Brady v. Maryland***, 373 U.S. 83, 87, 83 S. Ct. 1194, 1196-97, 10 L. Ed. 2d 215 (1963).  According to Appellant, during trial, he learned for the first time that an investigating police detective had omitted information from his police report that had not been shared with Appellant.  Appellant asserts that the required remedy was for the trial court to have granted a mistrial.

The State has an affirmative duty under ***Brady v. Maryland*** to disclose evidence favorable and material to a defendant's guilt or punishment.  ***Thomas v. State***, 841 S.W.2d 399, 407 (Tex. Crim. App. 1992); *see also **Brady***, 373 U.S. at 87, 83 S. Ct. at 1196-97.  When previously withheld evidence is disclosed during the guilt phase of trial, a defendant has an opportunity to request a continuance.  *See **Young v. State***, 183 S.W.3d 699, 705-06 (Tex. App.–Tyler 2005, pet. ref'd).  The failure to request a continuance generally waives any *Brady* violation, as well as any violation of a discovery order.  ***Young***, 183 S.W.3d at 706; *see **Gutierrez v. State***, 85 S.W.3d 446, 452 (Tex. App.–Austin 2002, pet. ref'd).  This is true even where an appellant has moved for a mistrial or dismissal.  *See **Gutierrez***, 85 S.W.3d at 452.

After Appellant made his *Brady* motion during trial, the trial court afforded Appellant's counsel an opportunity to speak with the detective in question before the trial resumed.  The trial court then asked Appellant's counsel if she sought any relief on her motion.  Appellant's counsel replied, "No, Your Honor.  I think just the fact that I had time to speak with the witness is relief enough. . . . So anything short of a dismissal, I would not - -."[2]  Therefore, even if Appellant sought other relief beyond the trial court's initial allowance of time to speak with the detective, he did not seek a continuance.  Appellant has waived any alleged *Brady* violation that he raises on appeal.  *See **Young***, 183 S.W.3d at 705-06; *see also **Gutierrez***, 85 S.W.3d at 452.  Appellant's first issue is overruled.

---

[1] Appellant asserts that the trial court impliedly denied his *Brady* motion to dismiss.  In the alternative, Appellant asserts that the trial court committed error by failing to expressly grant this motion.  We have assumed, without deciding, that the trial court denied Appellant's motion.  Had the trial court refused to rule on the motion, Appellant would not have preserved for review the trial court's refusal because he did not object to the trial court's failure to rule.  *See* TEX. R. APP. P. 33.1; *see also **Ramirez v. State***, 89 S.W.3d 222, 231 (Tex. App.–Corpus Christi 2002, no pet.); ***Miller v. State***, 83 S.W.3d 308, 319 (Tex. App.–Austin 2002, pet. ref'd).

[2] We have assumed, without deciding, that this comment constituted a motion to dismiss and that this motion was the equivalent of a motion for a mistrial.  We have so assumed despite the fact that, after being allowed time outside the presence of the jury to question the detective, Appellant's counsel stated to the trial court that she was not seeking any relief and that "the fact that I had time to speak with the witness is relief enough."

## *ALLEN* CHARGE

In his third issue, Appellant argues that the trial court erred in giving a third *Allen* charge to the jury. *See Allen v. United States*, 164 U.S. 492, 501-02, 17 S. Ct. 154, 157, 41 L. Ed. 528 (1896). Appellant failed to complain to the trial court regarding its decision to give a third *Allen* charge to the jury. Absent a timely request, objection, or motion to the trial court regarding its decision to give an *Allen* charge, no complaint about that decision is preserved for appellate review. *See Bledsoe v. State*, 21 S.W.3d 615, 622 (Tex. App.–Tyler 2000, no pet.); *Boyd v. State*, 644 S.W.2d 857, 858-59 (Tex. App.–Tyler 1982, no pet.); *see also* TEX. R. APP. P. 33.1 (setting forth the general rule for error preservation); *Barnett v. State*, 189 S.W.3d 272, 278 (Tex. Crim. App. 2006) (analyzing *Allen* charge error as error that must be preserved under Texas Rule of Appellate Procedure 33.1); *Freeman v. State*, 115 S.W.3d 183, 186 n.2 (Tex. App.–Texarkana 2003, pet. ref'd) ("Failure to object or otherwise draw the court's attention to the alleged coercive nature of the particular *Allen* charge given waived any error."). Therefore, Appellant has failed to preserve this issue for appellate review. We overrule Appellant's third issue.

## JURY MISCONDUCT

In his second issue, Appellant complains that the trial court reversibly erred by denying his motion for new trial.[3] In this motion, Appellant alleged that members of the jury had engaged in misconduct warranting a new trial.

### Standard of Review

An appellate court reviews a trial court's denial of a motion for new trial under an abuse of discretion standard. *Holden v. State*, 201 S.W.3d 761, 763 (Tex. Crim. App. 2006). An appellate court should not substitute its judgment for that of the trial court; rather, it should decide whether the trial court's decision was arbitrary or unreasonable. *See id.* A trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling. *Id.*

---

[3] Appellant does not complain of the trial court's failure to hold an evidentiary hearing. *See Wallace v. State*, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003). Instead, he focuses on the trial court's denial of his motion on its merits.

## Discussion

Appellant asserts in his brief that the trial court should have granted his motion for new trial based on evidence that

1.    the trial court's three ***Allen*** charges had a coercive effect upon the jury;
2.    a juror slept through deliberations;
3.    a juror read a newspaper article, read it a second time to other jurors, and then discussed it while in the jury room;
4.    jurors reached a decision "based on personal feelings"; and
5.    a juror "as[ked] to be told how to vote."

Appellant's motion for new trial was supported by two affidavits, one from Juror Kathy Shelton and the other from Juror Nancy Bass. Juror Shelton, who was also the jury foreperson, stated in her affidavit that some of the jurors based their verdict "on their personal feelings instead of the facts; particularly [a] juror who had been shot and her sister had been killed."[4] She stated that "four jurors, including [Shelton,] held out all day for a not guilty verdict" but "felt pressured by the judge to come to a verdict and that is when we changed our vote." She stated that, during a break in deliberations, "Juror Atkinson was reading a newspaper article about the case out loud to the other jurors."[5] Finally, she stated that one juror slept through deliberations and that another "asked to be told how to vote so she could get out of deliberations." The second affiant, Juror Bass, stated as follows:

> Myself and three other jurors, including the jury foreman, Kathy Shelton, were voting not guilty. Juror Jay Brian Atkinson cam[e] to the jury room during the deliberations and stated he had read an article about the incident in the newspaper. He all but read the article in the deliberation room. He told the other jurors what the victim had said. I also felt pressure to vote guilty because the judge told us we weren't going home until we reached a verdict. . . . At polling of the jury I wanted to change my vote [but did not].

Rule 606 of the Texas Rules of Evidence limits the situations about which a juror may testify or make a statement to be introduced into evidence. *See* TEX. R. EVID. 606. A juror's testimony,

---

[4] Juror Shelton does not describe in further detail the nature of the alleged "personal feelings" or of the alleged shooting and death.

[5] Juror Shelton does not supply the first name of "Juror Atkinson" or describe the content of the alleged newspaper article.

4

affidavit, or statement describing jury misconduct may not be considered as evidence by the trial court when ruling on a motion for new trial unless it falls outside of the prohibitions of rule 606. *See White v. State*, 225 S.W.3d 571, 572-75 (Tex. Crim. App. 2007); *see also* TEX. R. EVID. 606(b). Rule 606 provides that

> [u]pon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the jury's deliberations, or to the effect of anything on any juror's mind or emotions or mental processes, as influencing any juror's assent to or dissent from the verdict or indictment. Nor may a juror's affidavit or any statement by a juror concerning any matter about which the juror would be precluded from testifying be admitted in evidence for any of these purposes. However, a juror may testify: (1) whether any outside influence was improperly brought to bear upon any juror; or (2) to rebut a claim that the juror was not qualified to serve.

TEX. R. EVID. 606(b).

As applied to this case, rule 606 would prevent the trial court from considering the juror affidavits as evidence of "any matter or statement occurring during the jury's deliberations, or to the effect of anything on any juror's mind or emotions or mental processes, as influencing" any juror's vote, unless offered to show "(1) whether any outside influence was improperly brought to bear upon any juror; or (2) to rebut a claim that the juror was not qualified to serve." *See id.*; *see also White*, 225 S.W.3d at 573. The affidavits are not contradictory. Accordingly, we will read the affidavits together and assume them to be true. In that context, we will determine whether rule 606 prohibited the trial court from considering them.

### *Allen Charges*

The trial court issued three *Allen* charges to the jury during three deadlocks in their deliberations. These periods of deadlock each resulted in a note from the jurors to the trial court indicating such a deadlock. After receiving each note, the trial court responded with an *Allen* charge. Appellant asserts that the trial court's multiple *Allen* charges amounted to an outside, coercive influence upon the jury, the effect of which is evidenced by the two juror affidavits.[6]

---

[6] We note that, despite Juror Bass's impression of the trial court's remarks to the jury when giving his last *Allen* charge, the trial court did not actually tell the jury that they "weren't going home until [they] reached a verdict." We also note that Appellant's brief focuses on the allegedly coercive effect of the *Allen* charges given by the trial court, not on any remarks made by the trial court while giving the charges.

5

We have previously held that, in the context of rule 606, "deliberations" include formal jury deliberations: "when the jury weighs the evidence to arrive at a verdict." *Knight v. E. Tex. Med. Ctr.*, No. 12-05-00250-CV, 2007 WL 431164, at *2 (Tex. App.–Tyler Feb. 9, 2007, no pet.) (mem. op.) (citing *Golden Eagle Archery, Inc. v. Jackson*, 24 S.W.3d 362, 371 (Tex. 2000)). In so holding, we noted that "deliberations" do not include informal discussions occurring during a trial break before the close of evidence. *Knight*, 2007 WL 431164, at *2; *see Golden Eagle Archery*, 24 S.W.3d at 371-72. However, we explained that where there is an indication that jurors have been discussing the case while on breaks during deliberations, such a situation is considered the same as formal deliberations. *Knight*, 2007 WL 431164, at *2 (citing *Chavarria v. Valley Transit Co., Inc.*, 75 S.W.3d 107, 111 (Tex. App.–San Antonio 2002, no pet.)).

In light of our previous reasoning, we hold that, as when jurors discuss the case while on breaks during deliberations, a trial court's giving of an *Allen* charge to the jury falls within rule 606 deliberations. *See Franks v. State*, 90 S.W.3d 771, 801-02 (Tex. App.–Fort Worth 2002, no pet.) (reaching a similar conclusion); *see also Golden v. First City Nat'l Bank in Grand Prairie*, 751 S.W.2d 639, 644 (Tex. App.–Dallas 1988, no writ) (implicitly reaching a similar conclusion). Further, rule 606 prohibits a trial court from considering a juror's affidavit as evidence of "the effect of anything on any juror's mind or emotions or mental processes, as influencing" any juror's vote. *See* TEX. R. EVID. 606(b); *see also White*, 225 S.W.3d at 573. Therefore, unless these affidavits fell within an exception to rule 606, they could not be considered by the trial court as evidence that the *Allen* charges influenced any juror's vote. *See Golden*, 751 S.W.2d at 643-44 (reaching a similar conclusion).

Appellant asserts in his brief that the trial court should have considered the affidavits because, "[u]nder the totality of the circumstances, the [trial court's] multiple [*Allen*] charges amounted to an outside, undue influence." *See* TEX. R. EVID. 606(b). However, a trial court's *Allen* charge cannot, as a matter of law, be an outside influence. *See Golden*, 751 S.W.2d at 644; *see also Franks*, 90 S.W.3d at 802. As the Dallas court of appeals has explained, the giving of an *Allen* charge can be trial court error, but it cannot be an outside influence upon the jury. *See Golden*, 751 S.W.2d at 644; *see also Franks*, 90 S.W.3d at 802. Instead, such a charge is part of the jury's deliberative process. *See Franks*, 90 S.W.3d at 802; *see also Golden*, 751 S.W.2d at 644. Therefore, the affidavits, as they related to the *Allen* charges, did not fall within the "outside influence"

exception to rule 606. *See Franks*, 90 S.W.3d at 802; *Golden*, 751 S.W.2d at 644.

Appellant does not contend that the language of the *Allen* charges given by the trial court was improper. At no point did the trial court instruct the jury to disregard its instructions given to them in its initial jury charge. As part of each *Allen* charge, the trial court instructed the jury that

> [i]f this jury finds itself unable to arrive at a unanimous verdict, it will be necessary for the court to declare a mistrial and discharge the jury. . . .
>
> . . . [Y]ou are instructed to continue deliberating in an effort to arrive at a verdict that is acceptable to all members of the jury, if you can do so without doing violence to your conscience. Do not do violence to your conscience, but continue deliberating.

On appeal, we generally presume the jury follows the trial court's instructions in the manner presented. *See Thrift v. State*, 176 S.W.3d 221, 224 (Tex. Crim. App. 2005). "The presumption is refutable, but the appellant must rebut the presumption by pointing to evidence that the jury failed to follow the trial court's instructions." *Id.* Absent the juror affidavits, the record does not include sufficient evidence to rebut the presumption that the jury followed the trial court's instructions. *See id.* Therefore, we cannot determine that the trial court's *Allen* charges had an improperly coercive effect on the jury. *Cf. id.*

### Other Misconduct

Appellant asserts that the affidavits attached to his motion for new trial were sufficient evidence to require the trial court to order a new trial. Besides the *Allen* charges issue, the affidavits include allegations of a juror sleeping, a juror reading a newspaper article and sharing its contents with other jurors, jurors reaching a decision "based on personal feelings," and a juror "ask[ing] to be told how to vote." The affidavits were no evidence that any of this conduct occurred at a time other than breaks in deliberations or during deliberations in the jury room. *See Knight*, 2007 WL 431164, at *2. Likewise, the affidavits were no evidence of an "outside influence . . . improperly brought to bear upon any juror." *See Hines v. State*, 3 S.W.3d 618, 623 (Tex. App.–Texarkana

7

1999, pet. ref'd) (matters emanating from inside the jury are not an outside influence).[7] Appellant, as the proponent of the affidavits, bore the burden to prove their admissibility. *See Lincoln v. Clark Freight Lines, Inc.*, No. 01-06-01177-CV, 2009 WL 350563, at \*12-13 (Tex. App.–Houston [1st Dist.] Feb. 12, 2009, no pet. h.) (applying a similar requirement). Therefore, without more, Appellant was not entitled to having the affidavits considered as evidence of juror misconduct. *See* TEX. R. EVID. 606(b).

### *Conclusion*

Because Appellant failed to meet his burden to prove the admissibility of the affidavits, we cannot hold that the trial court abused its discretion by failing to consider them as evidence. *See Holden*, 201 S.W.3d at 763. Because the remaining record contains insufficient evidence to do otherwise, we hold that the trial court did not abuse its discretion by denying Appellant's motion for new trial. *See id.* Therefore, we overrule Appellant's second issue.

### DISPOSITION

We *affirm* the judgment of the trial court.

   BRIAN HOYLE

Justice

Opinion delivered March 18, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[7] *See also, e.g., Perry v. Safeco Ins. Co.*, 821 S.W.2d 279, 281 (Tex. App.–Houston [1st Dist.] 1991, writ denied) (coercive influence of one juror on rest of panel not outside influence); *Soliz v. Saenz*, 779 S.W.2d 929, 932 (Tex. App.–Corpus Christi 1989, writ denied) (information gathered by juror and introduced to other jurors not outside influence); *Baley v. W/W Interests, Inc.*, 754 S.W.2d 313, 315-16 (Tex. App.–Houston [14th Dist.] 1988, writ denied) (introduction of newspaper article to jury not outside influence); *Kendall v. Whataburger, Inc.*, 759 S.W.2d 751, 755-56 (Tex. App.–Houston [1st Dist.] 1988, no writ) (juror's injection of own personal experiences, knowledge, or expertise not outside influence). We consider it axiomatic that a juror sleeping or asking another juror how to vote is not an outside influence under rule 606. The affidavits provide no evidence that the juror asking another how to vote asked anyone other than a fellow juror.